# EXHIBIT A

Philip D. Stern, NJ Attorney ID #045921984
STERN•THOMASSON LLP
150 Morris Avenue, 2nd Floor
Springfield, New Jersey 07081-1315
(973) 379-7500

*Attorneys for Plaintiffs, Natasha Friestrom and Morgan Still*

| | |
|---|---|
| NATASHA FRIESTROM and MORGAN STILL, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>*vs.*<br><br>MRS BPO, L.L.C.,<br><br>Defendant. | **SUPERIOR COURT OF NEW JERSEY LAW DIVISION CAMDEN COUNTY**<br><br>*Civil Action*<br><br>Docket No. CAM-L-_____-20<br><br>**CLASS ACTION COMPLAINT AND JURY DEMAND**<br>with Certification per *R.* 4:5-1 and Designation of Trial Counsel |

Plaintiffs, Natasha Friestrom and Morgan Still, residing in the State of Wisconsin,

by and through counsel, by way of Complaint against Defendant, says:

## I.     PARTIES

1.     Plaintiff, Natasha Friestrom is a natural person.

2.     Friestrom is a citizen of the State of Wisconsin.

3.     Plaintiff, Morgan Still is a natural person.

4.     Still is a citizen of the State of Wisconsin.

5.     Defendant, MRS BPO, L.L.C. is a for profit limited liability company of the

State of New Jersey.

6.     On information and belief, a principal business location of MRS is in

Camden County at 1930 Olney Avenue, Cherry Hill, New Jersey.

## II.        NATURE OF THE ACTION

7.        This action stems from the MRS's practices and procedures when attempting to collect consumer debts whereby MRS uses a form collection letter which is false, deceptive, and misleading to the least sophisticated consumer in breach of MRS's duties to Ms. Friestrom and Ms. Still and other consumers arising under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692–1692p.

## III.        FACTS

### A.   MRS's is an Interstate Debt Collector.

8.        MRS regularly engages in the collection or attempted collection of defaulted consumer debts owed or allegedly owed to others.

9.        MRS is a business, the principal purpose of which is the collection of defaulted consumer debts which uses instruments of interstate commerce such as the mails, the telephone, and the internet.

### B.   MRS Account '21

10.        On or after October 8, 2019, MRS mailed or caused to be mailed a letter to Ms. Friestrom dated October 8, 2019.

11.        A true and correct, but partially redacted, copy of the letter is reproduced on page 14 of this Complaint.

12.        The letter identified a certain account by an MRS account number ending

in 21 and the account's creditor as JPMorgan Chase Bank N.A. with a balance due of

$2,982.01.

13.     The account identified in the letter concerns a defaulted and charged-off

credit card account which Ms. Friestorm had used to make purchases of goods and

services for herself, her family, or for her household purposes.

14.     MRS obtained the account for collection purposes after Chase deemed the

account in default.

### C.  MRS Account '22

15.     On or after October 8, 2019, MRS mailed or caused to be mailed a letter to

Ms. Friestrom dated October 8, 2019.

16.     A true and correct, but partially redacted, copy of the letter is reproduced

on page 15 of this Complaint.

17.     The letter identified a certain account by an MRS account number ending

in 22 and the account's creditor as JPMorgan Chase Bank N.A. with a balance due of

$3,625.35.

18.     The account identified in the letter concerns a defaulted and charged-off

credit card account which Ms. Friestorm had used to make purchases of goods and

services for herself, her family, or for her household purposes.

19.     MRS obtained the account for collection purposes after Chase deemed the

account in default.

### D.  MRS Account '66

20.     On or after July 21, 2019, MRS mailed or caused to be mailed a letter to
Ms. Still dated July 21, 2019.

21.     A true and correct, but partially redacted, copy of the letter is reproduced
on page 16 of this Complaint.

22.     The letter identified a certain account by an MRS account number ending
in 66 and the account's creditor as JPMorgan Chase Bank N.A. with a balance due of
$1,863.05.

23.     The account identified in the letter concerns a defaulted and charged-off
credit card account which Ms. Still had used to make purchases of goods and services
for herself, her family, or for her household purposes.

24.     MRS obtained the account for collection purposes after Chase deemed the
account in default.

### E.  MRS Account '67

25.     On or after July 21, 2019, MRS mailed or caused to be mailed a letter to
Ms. Friestrom dated July 21, 2019.

26.     A true and correct, but partially redacted, copy of the letter is reproduced
on page 17 of this Complaint.

27.     The letter identified a certain account by an MRS account number ending
in 67 and the account's creditor as JPMorgan Chase Bank N.A. with a balance due of

$1,407.83.

28.     The account identified in the letter concerns a defaulted and charged-off

credit card account which Ms. Still had used to make purchases of goods and services

for herself, her family, or for her household purposes.

29.     MRS obtained the account for collection purposes after Chase deemed the

account in default.

### F.  Facts Common to All Accounts

30.     The balance due on each account is a receivable.

31.     Consistent with the practices of all credit card issuing banks, Chase's

financial reports treat receivables as an asset. Consequently, banking regulations

require Chase and other credit card issuing banks to stop treating receivables which

meet specified conditions as assets. The removal of such an account from Chase's assets

is called charging off the account.

32.     On information and belief, banking regulations require Chase to charge

off an unsecured open-ended consumer credit account (such as the credit card accounts

described in MRS's letters to the Plaintiffs) by the last day of the month in which a 180-

day period ends during which no minimum monthly payment was received.

33.     The amount owed on each charged-off account can never increase

notwithstanding any contractual right to add finance charges because, on information

and belief, Chase's policies and practices implement its knowing and voluntary waiver

of all any finance charges once an account is charged-off.

34.     On information and belief, those Chase policies and practices are consistent with industry policies and practices.

35.     On information and belief, a reason credit card issuers such as Chase knowingly and voluntarily waived finance charges on charged-off accounts is that, upon charge-off, they choose to cease sending periodic billing statements and the Truth in Lending Act prohibits the accrual of finance charges unless the accountholder is sent billing statements on at least a monthly basis.

36.     Based on Chase's waiver of finance charges on the charged-off accounts identified in MRS's letters, each account is a static debt because the amount of each debt cannot increase over time.

37.     On information and belief, MRS received authority to accept less than the balance due to settle the debt before it began attempting to collect each account and that authority did not change while the account was placed with MRS.

38.     Each letter proposed "to resolve your account" for less than the amount stated as the balance due by stating a one-time payment option and a two-payment option with a payment under either option to be made by a date which is sixteen days after the date of the letter.

39.     On information and belief, the offers made in MRS's letters were consistent with MRS's authority to resolve the accounts.

40.      Hence, on information and belief, MRS was obligated to accept the one-payment and two-payment options while each account was place with MRS notwithstanding the deadlines stated in each letter.

41.      Nevertheless, MRS letters falsely stated, "We are not obligated to renew these offers." To the contrary, MRS was required to renew and accept the offers made in the letters after the deadlines stated in the letter.

42.      The letters' inclusion of the payment deadlines within no more than two weeks after each letter was received by the addressee and the disclaimer that "[w]e are not obligated to renew these offers," could reasonably lead the least sophisticated consumer to conclude that each letter creates a sense of urgency but, in fact, MRS fabricated the sense of urgency. In fact, the one- and two-payment options were not subject to the stated deadlines, MRS was obligated to renew the offers, and the amount of the debts could not increase over time.

43.       This false sense of urgency could materially affect the financial decisions of the least sophisticated consumer.

44.      While each letter's payment deadlines and disclaimer of any obligation to renew the offers can create a false sense of urgency in the least sophisticated consumer, the letters also contained language which is confusingly in conflict with the letter's renewal disclaimer. Specifically, the least sophisticated consumer could understand this sentence—"If you need additional time to respond to these offers, please contact us."—

as MRS's representation that the deadline would be extended if the consumer called and requested an extension.

45.      Based on the foregoing facts, MRS communicated with each Plaintiff using false, deceptive, or misleading representations or means when attempting to collect a debt.

## IV.      CLASS ALLEGATIONS

46.      Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth here at length.

47.      Each letter is a form letter. Specifically, each letter was created by merging electronically-stored information specific to each debt (such as the creditor's name, the balance due, and the addressee's name and address) with predetermined electronically-stored text and any graphics defined by a template. After the letter was created by merging the data with the template, it was printed and mailed.

48.      MRS's conduct is consistent with its policies and practices when attempting to collect debts from consumers. Hence, this action is brought by Plaintiffs individually and on behalf of similarly situated individuals pursuant to *R.* 4:32-1-2.

49.      Plaintiffs seek to certify a class pursuant to *R.* 4:32-1(a) and (b)(3).

50.      ***Class Definition.*** The Class is defined as:

> All natural persons to whom MRS mailed a letter dated on or after October 7, 2019 up to October 31, 2020 where: (*i*) the letter contained an offer to settle a debt

owed to JPMorgan Chase, N.A. for less than the full amount of the debt, (*ii*) the stated offer required either one or two payments with a stated deadline for each payment, and (*iii*) the letter included the statement, "We are not obligated to renew this offer."

51.    *Class Claims.* The Class Claims are the claims which each Class member may have arising from MRS having mailed to the Class member a letter as described in the Class definition.

52.    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of *R.* 4:32-1(a) because there is a well-defined community interest in the litigation based on the following:

52.01.    *Ascertainability.* The identities of the Class members are readily ascertainable from MRS's business records and the business records of those entities on whose behalf it collects debts.

52.02.    *Numerosity.* On information and belief, the Class is so numerous that joinder of all members would be impractical and includes at least 40 members.

52.03.    *Commonality.* Common questions of law and fact exist among Plaintiff and all members of the Class.

52.04.    *Typicality.* The claims of Plaintiffs are typical of the Class members because those claims arise from a common course of conduct engaged in by Defendant.

52.05.    ***Adequacy.*** Plaintiffs will fairly and adequately protect the interests of the Class members insofar as Plaintiffs have no interests adverse to those of the Class members. Moreover, Plaintiffs are committed to vigorously litigating this matter and has retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions.

52.06.    ***Predominance and Superiority.*** Certification of a class under *R.* 4:32-1(b)(3) is appropriate in that the questions of law and fact common to the Class members predominate over any questions affecting individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

53.    Based on discovery and further investigation (including, but not limited to, disclosure by Defendant of class size and net worth), Plaintiffs may seek class certification: (a) only as to particular issues as permitted under *R.* 4:32(d), (b) using a modified definition of the Class or the Class Claims; and (c) a different Class Period.

## V.    CAUSE OF ACTION

54.    Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth here at length.

55.    Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

56.    The account described in each of MRS's letters is a "debt" as defined by 15 U.S.C. § 1692a(5).

57.     Friestrom is a "consumer" as defined by 15 U.S.C. § 1692a(3).

58.     Still is a "consumer" as defined by 15 U.S.C. § 1692a(3).

59.     Each MRS letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

60.     MRS's use of the letters in its attempt to collect debts violated each

Plaintiff's rights protected by under 15 U.S.C. § 1692e.

61.     The FDCPA, under 15 U.S.C. § 1692k(a), provides for a private right of

action imposing liability on a debt collector who violates the rights of a consumer for:

> 61.01.     Actual damages (but Plaintiffs do not seek any actual damages);

> 61.02.     Statutory damages for the Plaintiffs to which they are limited to
> $1,000 each and, for the Class, to the lesser of $500,000 or 1% of MRS's net
> worth; and

> 61.03.     An award of reasonable attorney's fees and costs.

## VI.     PRAYER FOR RELIEF

62.     WHEREFORE, Plaintiffs, Natasha Friestrom and Morgan Still,

individually and on behalf of all others similarly situated, respectfully requests the

Court enter judgment against Defendant, MRS BPO, L.L.C., for:

> 62.01.     Certification of this action as a class action pursuant to *R.* 4:32-1
> including, but not limited to, defining the Class and the Class claims,
> issues, or defenses, and appointing the undersigned counsel as class
> counsel;

62.02.    An award of statutory damages to Plaintiffs and the Class pursuant

to 15 U.S.C. § 1692k(a)(2)(B);

62.03.    An award to each Plaintiff of an incentive payment for her services

on behalf of the Class;

62.04.    An award of attorney's fees, litigation expenses, and costs pursuant

to 15 U.S.C. § 1692k(a)(3);

62.05.    An award, to the extent the recovery of attorney's fees, litigation

expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3) causes a negative

tax consequence to Plaintiffs and/or the Class, a sum sufficient to

ameliorate such consequences; and

62.06.    Such other and further legal and equitable relief as may be just and

proper.

## VII.    JURY DEMAND

Trial by jury is demanded on all issues so triable.

STERN•THOMASSON LLP
Attorneys for Plaintiffs, Natasha Friestrom and
Morgan Still

By: s/Philip D. Stern

Dated: October 7, 2020                                   Philip D. Stern

## VIII.    CERTIFICATIONS PURSUANT TO *R.* 1:38-7 AND *R.* 4:5-1

I certify that the matter in controversy is not the subject of any other court action or

arbitration proceeding, now or contemplated, and that no other parties should be joined

in this action, EXCEPT: *Brandi Deptula vs. MRS BPO, L.L.C.*, Docket No. CAM-L-003139-20 which involves the same Defendant and form letter, and asserts the same statutory violations arising from Defendant's use of the form letter but involves a different plaintiff and a different creditor than the Plaintiffs and creditor here.

|                          | s/Philip D. Stern |
| ------------------------ | ----------------- |
| Dated: October 7, 2020   | Philip D. Stern   |

## IX.   DESIGNATION OF TRIAL COUNSEL PURSUANT TO *R.* 4:25-4

Plaintiffs, Natasha Fristrom and Morgan Still designate Philip D. Stern as counsel to try this case.

|                          | *s/Philip D. Stern* |
| ------------------------ | ------------------- |
| Dated: October 7, 2020   | Philip D. Stern     |

# *Letter Regarding MRS Account Ending in '21*

 **MRS**

MRS BPO, L.L.C.
1930 OLNEY AVENUE
CHERRY HILL NJ 08003
888-902-9643

Office Hours:
Monday - Thursday   9am - 9pm ET
Friday                      9am - 5pm ET

S-SFMRSA11
PAVPDC00201871S - S03425268 I37436
*Return Address :*
MRS BPO, L.L.C.
1930 OLNEY AVENUE
CHERRY HILL NJ 08003



NATASHA A FRIESTROM


October 8, 2019

| CREDITOR: | JPMorgan Chase Bank N.A. |
|---|---|
| CREDITOR ACCT#: | xxxx0546 |
| MRS ACCT#: | LU4.4709721 |
| BALANCE DUE: | $2,982.01 |

Dear NATASHA A FRIESTROM,

We would like to present you with the below offers to resolve your account. Should you need to speak with a representative, please call 888-902-9643. We look forward to the opportunity to assist you with resolving your account.

| SINGLE PAYMENT | NEED MORE TIME? | MONTHLY PAYMENTS |
|---|---|---|
| Make a **ONE-TIME** payment of $605.14 by 10/24/2019 to resolve your account | Make **TWO PAYMENTS** of $551.67 as follows: Payment 1 by 10/24/2019 Payment 2 by 11/25/2019 to resolve your account | Can't make a settlement right now? We can work with you on a payment plan for the full balance of your account. |

If you need additional time to respond to these offers, please contact us.
We are not obligated to renew these offers.

Ready to make a payment, or have a question for us? Choose from any of our available payment or contact options.

 Pay via the Web
https://mrspay.webview.com

 Pay by Phone
888-902-9643

 Pay by Mail
MRS BPO, LLC
1930 Olney Avenue,
Cherry Hill, NJ 08003

Sincerely,
MRS BPO, L.L.C.
888-902-9643

This is an attempt to collect a debt and any information obtained will be used for that purpose.
This communication is from a debt collector.

**MRS BPO, L.L.C. | 1930 OLNEY AVENUE, CHERRY HILL, NJ 08003 | 888-902-9643**
**OFFICE HOURS: MONDAY - THURSDAY 9AM - 9PM ET | FRIDAY 9AM - 5PM ET**

# *Letter Regarding MRS Account Ending in '22*



S-SFMRSA11
PAV²DO00216719 - 593425269 l37438
Return Address :
MRS BPO, L.L.C.
1930 OLNEY AVENUE
CHERRY HILL NJ 08003



MRS BPO, L.L.C.
1930 OLNEY AVENUE
CHERRY HILL NJ 08003
888-902-9643
Office Hours:
Monday - Thursday   9am - 8pm ET
Friday                        9am - 5pm ET



October 8, 2019



NATASHA A FRIESTROM
REDACTED
REDACTED WI

| CREDITOR: | JPMorgan Chase Bank N.A. |
|---|---|
| CREDITOR ACCT#: | xxxx0865 |
| MRS ACCT#: | LU4.4709722 |
| **BALANCE DUE:** | $3,625.35 |

Dear NATASHA A FRIESTROM,

We would like to present you with the below offers to resolve your account. Should you need to speak with a representative, please call 888-902-9643. We look forward to the opportunity to assist you with resolving your account.

| SINGLE PAYMENT | NEED MORE TIME? | MONTHLY PAYMENTS |
|---|---|---|
| Make a **ONE-TIME** payment of $978.84 by 10/24/2019 to resolve your account | Make **TWO PAYMENTS** of $670.69 as follows: Payment 1 by 10/24/2019 Payment 2 by 11/25/2019 to resolve your account | Can't make a settlement right now? We can work with you on a payment plan for the full balance of your account. |

If you need additional time to respond to these offers, please contact us.
We are not obligated to renew these offers.

Ready to make a payment, or have a question for us? Choose from any of our available payment or contact options.

 Pay via the Web
https://mrspay.webview.com

 Pay by Phone
888-902-9643

 Pay by Mail
MRS BPO, LLC
1930 Olney Avenue,
Cherry Hill, NJ 08003

Sincerely,
MRS BPO, L.L.C.
888-902-9643

This is an attempt to collect a debt and any information obtained will be used for that purpose.
This communication is from a debt collector.

MRS BPO, L.L.C. I 1930 OLNEY AVENUE, CHERRY HILL, NJ 08003 I 888-902-9643
OFFICE HOURS: MONDAY - THURSDAY 9AM - 9PM ET I FRIDAY 9AM - 5PM ET

ICONOPT

# *Letter Regarding MRS Account Ending in '66*



S-SFMRSA11
PCHBQS00402048 - 629661723 I04096
*Return Address :*
MRS BPO, L.L.C.
1930 OLNEY AVENUE
CHERRY HILL NJ 08003



MRS BPO, L.L.C.
1930 OLNEY AVENUE
CHERRY HILL NJ 08003
833-924-1978

Office Hours:
Monday - Thursday   9am - 9pm ET
Friday                        9am - 5pm ET



July 21, 2020



MORGAN STILL
REDACTED
**REDACTED** WI REDACTED REDACTED

| | |
|---|---|
| CREDITOR: | JPMorgan Chase Bank N.A. |
| CREDITOR ACCT#: | xxx0161 |
| MRS ACCT#: | LU4.5083766 |
| BALANCE DUE: | $1,863.05 |

Dear MORGAN STILL,

We would like to present you with the below offers to resolve your account. Should you need to speak with a representative, please call 833-924-1978. We look forward to the opportunity to assist you with resolving your account.

| SINGLE PAYMENT | NEED MORE TIME? | MONTHLY PAYMENTS |
|---|---|---|
| Make a **ONE-TIME** payment of $819.74 by 08/06/2020 to resolve your account | Make **TWO PAYMENTS** of $503.03 as follows: Payment 1 by 08/06/2020 Payment 2 by 09/07/2020 to resolve your account | Can't make a settlement right now? We can work with you on a payment plan for the full balance of your account. |

If you need additional time to respond to these offers, please contact us.
We are not obligated to renew these offers.

Ready to make a payment, or have a question for us? Choose from any of our available payment or contact options.

 **Pay via the Web**
https://portal.mrsbpo.com

 **Pay by Phone**
833-924-1978

 **Pay by Mail**
MRS BPO, LLC
1930 Olney Avenue,
Cherry Hill, NJ 08003

Sincerely,
MRS BPO, L.L.C.
833-924-1978
Letter ID: LU4.5083766.17312708

This is an attempt to collect a debt and any information obtained will be used for that purpose.
This communication is from a debt collector.

MRS BPO, L.L.C. I 1930 OLNEY AVENUE, CHERRY HILL, NJ 08003 I 833-924-1978
OFFICE HOURS: MONDAY - THURSDAY 9AM - 9PM ET I FRIDAY 9AM - 5PM ET

ICONOPT

# *Letter Regarding MRS Account Ending in '67*



S-SFMRSA11
PCHBQS00402647 - 629681722 I04004
*Return Address :*
MRS BPO, L.L.C.
1930 OLNEY AVENUE
CHERRY HILL NJ 08003



MRS BPO, L.L.C.
1930 OLNEY AVENUE
CHERRY HILL NJ 08003
833-924-1978

Office Hours:
Monday - Thursday  9am - 9pm ET
Friday                      9am - 5pm ET



MORGAN STILL
**REDACTED**
**REDACTED** WI REDACTED REDACTED

July 21, 2020

| CREDITOR: | JPMorgan Chase Bank N.A. |
|---|---|
| CREDITOR ACCT#: | xxxx3650 |
| MRS ACCT#: | LU4.5083767 |
| BALANCE DUE: | $1,407.83 |

Dear MORGAN STILL,

We would like to present you with the below offers to resolve your account. Should you need to speak with a representative, please call 833-924-1978. We look forward to the opportunity to assist you with resolving your account.

| SINGLE PAYMENT | NEED MORE TIME? | MONTHLY PAYMENTS |
|---|---|---|
| Make a **ONE-TIME** payment of $619.46 by 08/06/2020 to resolve your account | Make **TWO PAYMENTS** of $380.12 as follows: Payment 1 by 08/06/2020 Payment 2 by 09/07/2020 to resolve your account | Can't make a settlement right now? We can work with you on a payment plan for the full balance of your account. |

If you need additional time to respond to these offers, please contact us.
We are not obligated to renew these offers.

Ready to make a payment, or have a question for us? Choose from any of our available payment or contact options.

 **Pay via the Web**
https://portal.mrsbpo.com

 **Pay by Phone**
833-924-1978

 **Pay by Mail**
MRS BPO, LLC
1930 Olney Avenue,
Cherry Hill, NJ 08003

Sincerely,
MRS BPO, L.L.C.
833-924-1978
Letter ID: LU4.5083767.17312709

This is an attempt to collect a debt and any information obtained will be used for that purpose.
This communication is from a debt collector.

MRS BPO, L.L.C. I 1930 OLNEY AVENUE, CHERRY HILL, NJ 08003 I 833-924-1978
OFFICE HOURS: MONDAY - THURSDAY 9AM - 9PM ET I FRIDAY 9AM - 5PM ET

page **17** of 17

# Civil Case Information Statement

## Case Details: CAMDEN | Civil Part Docket# L-003307-20

**Case Caption:** FRIESTORM NATASHA  VS MRS BPO,
L.L.C.

**Case Initiation Date:** 10/07/2020

**Attorney Name:** PHILIP D STERN

**Firm Name:** STERN THOMASSON LLP

**Address:** 150 MORRIS AVE STE 205
SPRINGFIELD NJ 07081

**Phone:** 9733797500

**Name of Party:** PLAINTIFF : Friestorm, Natasha

**Name of Defendant's Primary Insurance Company**
(if known): None

**Case Type:** TORT-OTHER

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** YES

**If yes, list docket numbers:** CAM-L-3139-20

**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Natasha Friestorm?** NO

**Are sexual abuse claims alleged by: Morgan Still?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
#### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**
This case is a putative class action as is the related case, Deptula v. MRS BPO, LLC, CAM-L-3139-20. Both cases
should be Track IV and assigned to the same judge because both cases involve the same legal issues as to
Defendant's liability for violating the Fair Debt Collection Collection Practices Act.

**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
    **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** YES  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

10/07/2020
Dated

/s/ PHILIP D STERN
Signed

CAMDEN COUNTY
SUPERIOR COURT
HALL OF JUSTICE
CAMDEN        NJ 08103

                              TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (856) 650-9100
COURT HOURS  8:30 AM - 4:30 PM

                    DATE:   OCTOBER 07, 2020
                    RE:     FRIESTORM NATASHA  VS MRS BPO, L.L.C.
                    DOCKET: CAM L -003307 20

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

     THE MANAGING JUDGE ASSIGNED IS:  HON ANTHONY M. PUGLIESE

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM 301
AT: (856) 650-9100 EXT 43143.

     THE ABOVE CASE HAS BEEN REMOVED FROM THE EXPEDITED CIVIL ACTIONS (ECA) PILOT
PROGRAM PURSUANT TO AN ORDER OF THE COURT.  DISCOVERY IS THE APPLICABLE NUMBER OF DAYS FOR
A STANDARD TRACK   2 CASE. RUNNING FROM THE DATE OF THE FILING OF THE FIRST RESPONSIVE
PLEADING.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:
                              ATT: PHILIP D. STERN
                              STERN THOMASSON LLP
                              150 MORRIS AVE
                              STE 205
                              SPRINGFIELD      NJ 07081

ECOURTS

# EXHIBIT B

Philip D. Stern, NJ Attorney ID #045921984
STERN•THOMASSON LLP
150 Morris Avenue, 2nd Floor
Springfield, New Jersey 07081-1315
(973) 379-7500

*Attorneys for Plaintiff, Morgan Still*

| | |
|---|---|
| MORGAN STILL, individually and on behalf of others similarly situated,<br><br>                                                    Plaintiff,<br><br>                         *vs.*<br><br>MRS BPO, L.L.C.,<br><br>                                                    Defendant. | **Superior Court of New Jersey<br>Law Division—Camden County**<br><br>Civil Action<br><br>Docket No. CAM-L-003307-20<br><br># SUMMONS |

From **The State of New Jersey** to the Defendant:

# MRS BPO, L.L.C.

The plaintiff(s), named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. The office of the deputy clerk of the Superior Court in Camden County: Deputy Clerk of the Superior Court, Civil Processing Office, Hall of Justice, 1st Fl., Suite 150, 101 South 5th Street Camden, NJ 08103. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at **http://www.njcourts. gov/forms/10153_deptyclerklawref.pdf**.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at Division Management Office in the county listed about and online at **http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf**.

|  |  |
|---|---|
|  | *s/Michelle M. Smith* |
| Dated: December 30, 2020 | Michelle M. Smith, Clerk of the Superior Court<br>by Philip D. Stern, a New Jersey attorney at law |

Name of Defendant to Be Served: **MRS BPO, L.L.C.**
Address of Defendant to Be Served: **1930 Olney Avenue, Cherry Hill, NJ 08003**

Philip D. Stern, NJ Attorney ID #045921984
Stern•Thomasson LLP
150 Morris Avenue, 2nd Floor
Springfield, New Jersey 07081-1315
(973) 379-7500

*Attorneys for Plaintiff, Morgan Still*

| | |
|---|---|
| MORGAN STILL, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>*vs.*<br><br>MRS BPO, L.L.C.,<br><br>Defendant. | **SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>CAMDEN COUNTY**<br><br>*Civil Action*<br><br>Docket No. CAM-L-003307-20<br><br>**AMENDED CLASS ACTION<br>COMPLAINT<br>AND JURY DEMAND**<br>with Certification per *R.* 4:5-1 and<br>Designation of Trial Counsel |

Plaintiff, Morgan Still, residing in the State of Wisconsin, by and through

counsel, by way of Complaint against Defendant, says:

## I.     PARTIES

1.     Plaintiff Morgan Still is a natural person.

2.     Still is a citizen of the State of Wisconsin.

3.     Defendant, MRS BPO, L.L.C. is a for profit limited liability company of the

State of New Jersey.

4.     On information and belief, a principal business location of MRS is in

Camden County at 1930 Olney Avenue, Cherry Hill, New Jersey.

## II.        NATURE OF THE ACTION

5.        This action stems from the MRS's practices and procedures when attempting to collect consumer debts whereby MRS uses a form collection letter which is false, deceptive, and misleading to the least sophisticated consumer in breach of MRS's duties to Ms. Still and other consumers arising under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692–1692p.

## III.        FACTS

### A.   MRS is an Interstate Debt Collector.

6.        MRS regularly engages in the collection or attempted collection of defaulted consumer debts owed or allegedly owed to others.

7.        MRS is a business, the principal purpose of which is the collection of defaulted consumer debts which uses instruments of interstate commerce such as the mails, the telephone, and the internet.

### B.   MRS Account '66

8.        On or after July 21, 2019, MRS mailed or caused to be mailed a letter to Ms. Still dated July 21, 2019.

9.        A true and correct, but partially redacted, copy of the letter is reproduced on page 13 of this Complaint.

10.        The letter identified a certain account by an MRS account number ending in 66 and the account's creditor as JPMorgan Chase Bank N.A. with a balance due of

$1,863.05.

11.    The account concerns a defaulted and charged-off credit card account which Ms. Still had used to make purchases of goods and services for herself, her family, or for her household purposes.

12.    MRS obtained the account for collection purposes after Chase deemed the account in default.

### C.  MRS Account '67

13.    On or after July 21, 2019, MRS mailed or caused to be mailed a letter to Ms. Still dated July 21, 2019.

14.    A true and correct, but partially redacted, copy of the letter is reproduced on page 14 of this Complaint.

15.    The letter identified a certain account by an MRS account number ending in 67 and the account's creditor as JPMorgan Chase Bank N.A. with a balance due of $1,407.83.

16.    The account identified in the letter concerns a defaulted and charged-off credit card account which Ms. Still had used to make purchases of goods and services for herself, her family, or for her household purposes.

17.    MRS obtained the account for collection purposes after Chase deemed the account in default.

### D.  Facts Common to Both Accounts.

18.     The balance due on each account is a receivable.

19.     Consistent with the practices of all credit card issuing banks, Chase's financial reports treat receivables as an asset. Consequently, banking regulations require Chase and other credit card issuing banks to stop treating receivables which meet specified conditions as assets. The removal of such an account from Chase's assets is called "charging off" the account rending the account valueless in the bank's financial statements.

20.     On information and belief, banking regulations require Chase to charge off an unsecured open-ended consumer credit account (such as the accounts here) by the last day of the month in which a 180-day period ends during which the minimum monthly payment was not timely received.

21.     The amount owed on each charged-off account can never increase notwithstanding any contractual right to add finance charges because, on information and belief, Chase's policies and practices implement its knowing and voluntary waiver of all any finance charges when an account is charged-off.

22.     On information and belief, those Chase policies and practices are consistent with industry policies and practices.

23.     On information and belief, one reason credit card issuers such as Chase knowingly and voluntarily waived finance charges on charged-off accounts is that,

upon charge-off, they choose to cease sending periodic billing statements and the Truth in Lending Act prohibits the accrual of finance charges unless the accountholder is sent billing statements on at least a monthly basis.

24.     Based on Chase's waiver of finance charges on the charged-off accounts identified in MRS's letters, each account is a static debt—that is, the amount of the debt cannot increase over time.

25.     On information and belief, MRS received authority to accept less than the balance due to settle the debt before it began attempting to collect each account and that authority did not change while the account was placed with MRS.

26.     Each letter proposed "to resolve your account" for less than the amount stated as the balance due by stating a one-time payment option *and* a two-payment option. Under either option, a payment had to be made by a date which is sixteen days after the date of the letter.

27.     On information and belief, the offers made in MRS's letters were consistent with MRS's authority to resolve the accounts.

28.     Hence, on information and belief, MRS was obligated to accept the one-payment and two-payment options while each account was placed with MRS and MRS made up the 16-day deadline.

29.     Nevertheless, MRS letters falsely stated, "We are not obligated to renew these offers." To the contrary, MRS was required to renew and accept the offers made in

the letters after the deadlines stated in the letter.

30.    The letters' inclusion of the payment deadlines within no more than two weeks after each letter was received by the addressee coupled with the disclaimer that "[w]e are not obligated to renew these offers," could reasonably lead the least sophisticated consumer to conclude that MRS's letters create a sense of urgency when, in fact, MRS fabricated the sense of urgency. Rather, the one- and two-payment options were not subject to the stated deadlines, MRS was obligated to renew the offers, and the amount of the debts could not increase over time.

31.    MRS's letter created a risk of harm to Ms. Still and to the least sophisticated consumer because the false sense of urgency could materially affect the financial decisions of the least sophisticated consumer who might choose to pay this debt over another.

32.    While the payment deadlines and disclaimer of any obligation to renew the offers in MRS's letter can create a false sense of urgency in the least sophisticated consumer, the letters also contained language which is confusingly in conflict with the letter's renewal disclaimer. Specifically, the least sophisticated consumer could understand this sentence—"If you need additional time to respond to these offers, please contact us."—as MRS's representation that the deadline would be extended if the consumer called and requested an extension.

33.    Based on the foregoing facts, MRS communicated with Still using false,

deceptive, or misleading representations or means when attempting to collect a debt.

## IV.      CLASS ALLEGATIONS

34.      Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth here at length.

35.      MRS's letter is a form letter. Specifically, the letter was created by merging electronically-stored information specific to each debt (such as the creditor's name, the balance due, and the addressee's name and address) with predetermined electronically-stored text and any graphics defined by a template. After the letter was created by merging the data with the template, it was printed and mailed.

36.      MRS's conduct is consistent with its policies and practices when attempting to collect debts from consumers. Hence, this action is brought by Plaintiff individually and on behalf of similarly situated individuals pursuant to *R*. 4:32-1-2.

37.      Plaintiffs seek to certify a class pursuant to *R*. 4:32-1(a) and (b)(3).

38.      ***Class Definition.*** The Class is defined as:

> All natural persons to whom MRS mailed a letter dated on or after October 7, 2019 up to October 31, 2020 where: (*i*) the letter contained an offer to settle a debt owed to JPMorgan Chase, N.A. for less than the full amount of the debt, (*ii*) the stated offer required either one or two payments with a stated deadline for each payment, and (*iii*) the letter included the statement, "We are not obligated to renew this offer."

39.      ***Class Claims.*** The Class Claims are the claims which each Class member

may have arising from MRS having mailed to the Class member a letter as described in the Class definition.

40.      This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of *R*. 4:32-1(a) because there is a well-defined community interest in the litigation based on the following:

40.01.    *Ascertainability.* The identities of the Class members are readily ascertainable from MRS's business records and the business records of those entities on whose behalf it collects debts.

40.02.    *Numerosity.* On information and belief, the Class is so numerous that joinder of all members would be impractical and includes at least 40 members.

40.03.    *Commonality.* Common questions of law and fact exist among Plaintiff and all members of the Class.

40.04.    *Typicality.* The claims of Plaintiffs are typical of the Class members because those claims arise from a common course of conduct engaged in by Defendant.

40.05.    *Adequacy.* Plaintiff will fairly and adequately protect the interests of the Class members insofar as Plaintiffs have no interests adverse to those of the Class members. Moreover, Plaintiff is committed to vigorously litigate this matter and has retained counsel experienced in

handling consumer lawsuits, complex legal issues, and class actions.

40.06.     ***Predominance and Superiority.*** Certification of a class under

*R.* 4:32-1(b)(3) is appropriate in that the questions of law and fact common

to the Class members predominate over any questions affecting individual

members, and a class action is superior to other available methods for the

fair and efficient adjudication of the controversy.

41.     Based on discovery and further investigation (including, but not limited

to, disclosure by Defendant of class size and net worth), Plaintiff may seek class

certification: (a) only as to particular issues as permitted under *R.* 4:32(d), (b) using a

modified definition of the Class or the Class Claims; and (c) a different Class Period.

## V.     CAUSE OF ACTION

42.     Plaintiff incorporates by reference the preceding paragraphs as if fully set

forth here at length.

43.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

44.     The account described in MRS's letter is a "debt" as defined by 15 U.S.C.

§ 1692a(5).

45.     Still is a "consumer" as defined by 15 U.S.C. § 1692a(3).

46.     MRS's letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

47.     MRS's use of the letter in its attempt to collect debts violated Still's rights

protected by under 15 U.S.C. § 1692e.

48.     The FDCPA, under 15 U.S.C. § 1692k(a), provides for a private right of action imposing liability on a debt collector who violates the rights of a consumer for:

48.01.     Actual damages (but Plaintiff does not seek any actual damages);

48.02.     Statutory damages for the Plaintiff to which she is limited to $1,000 and, for the Class, to the lesser of $500,000 or 1% of MRS's net worth; and

48.03.     An award of reasonable attorney's fees and costs.

## VI.      PRAYER FOR RELIEF

49.     WHEREFORE, Plaintiff, Morgan Still, individually and on behalf of all others similarly situated, respectfully requests the Court enter judgment against Defendant, MRS BPO, L.L.C., for:

49.01.     Certification of this action as a class action pursuant to *R.* 4:32-1 including, but not limited to, defining the Class and the Class claims, issues, or defenses, and appointing the undersigned counsel as class counsel;

49.02.     An award of statutory damages to Plaintiff and the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B);

49.03.     A discretionary award to Plaintiff of an incentive payment for her services on behalf of the Class;

49.04.     An award of attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3);

49.05.     An award, to the extent the recovery of attorney's fees, litigation

expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3) causes a negative

tax consequence to Plaintiffs and/or the Class, a sum sufficient to

ameliorate such consequences; and

49.06.     Such other and further legal and equitable relief as may be just and

proper.

## VII.     JURY DEMAND

Trial by jury is demanded on all issues so triable.

STERN•THOMASSON LLP
Attorneys for Plaintiff, Morgan Still

By: s/*Philip D. Stern*
Dated: December 30, 2020                          Philip D. Stern

## VIII.     CERTIFICATIONS PURSUANT TO *R*. 1:38-7 AND *R*. 4:5-1

I certify that the matter in controversy is not the subject of any other court action or

arbitration proceeding, now or contemplated, and that no other parties should be joined

in this action, EXCEPT: *Brandi Deptula vs. MRS BPO, L.L.C.*, Docket No. CAM-L-003139-

20 which involves the same Defendant and form letter, and asserts the same statutory

violations arising from Defendant's use of the form letter but involves a different

plaintiff and a different creditor than the Plaintiff and creditor here; Defendants

removed the action to the United States District Court for the District of New Jersey

where it is designated as Case No. 1:20-cv-15689-RBK-KMW.

*s/Philip D. Stern*

Dated: December 30, 2020                              Philip D. Stern

# *Letter Regarding MRS Account Ending in '66*



S-SFMRSA11
PCHBQS00402048 - 629681723 I04096
Return Address :
MRS BPO, L.L.C.
1930 OLNEY AVENUE
CHERRY HILL NJ 08003



MRS BPO, L.L.C.
1930 OLNEY AVENUE
CHERRY HILL NJ 08003
833-924-1978

Office Hours:
Monday - Thursday  9am - 9pm ET
Friday                     9am - 5pm ET



July 21, 2020


MORGAN STILL
REDACTED
**REDACTED** WI REDACTED REDACTED

| CREDITOR: | JPMorgan Chase Bank N.A. |
|---|---|
| CREDITOR ACCT#: | xxxx0161 |
| MRS ACCT#: | LU4.5083766 |
| BALANCE DUE: | $1,863.05 |

Dear MORGAN STILL,

We would like to present you with the below offers to resolve your account. Should you need to speak with a representative, please call 833-924-1978. We look forward to the opportunity to assist you with resolving your account.

| SINGLE PAYMENT | NEED MORE TIME? | MONTHLY PAYMENTS |
|---|---|---|
| Make a **ONE-TIME** payment of $819.74 by 08/06/2020 to resolve your account | Make **TWO PAYMENTS** of $503.03 as follows: Payment 1 by 08/06/2020 Payment 2 by 09/07/2020 to resolve your account | Can't make a settlement right now? We can work with you on a payment plan for the full balance of your account. |

If you need additional time to respond to these offers, please contact us.
We are not obligated to renew these offers.

Ready to make a payment, or have a question for us? Choose from any of our available payment or contact options.



**Pay via the Web**
https://portal.mrsbpo.com



**Pay by Phone**
833-924-1978



**Pay by Mail**
MRS BPO, LLC
1930 Olney Avenue,
Cherry Hill, NJ 08003

Sincerely,

MRS BPO, L.L.C.
833-924-1978
Letter ID: LU4.5083766.17312708

This is an attempt to collect a debt and any information obtained will be used for that purpose.
This communication is from a debt collector.

**MRS BPO, L.L.C. I 1930 OLNEY AVENUE, CHERRY HILL, NJ 08003 I 833-924-1978**
**OFFICE HOURS: MONDAY - THURSDAY 9AM - 9PM ET I FRIDAY 9AM - 5PM ET**

ICON0PT

# *Letter Regarding MRS Account Ending in '67*



S-SFMRSA11
PCI IDQS00402647 - 629681722 I04004
*Return Address :*
MRS BPO, L.L.C.
1930 OLNEY AVENUE
CHERRY HILL NJ 08003



MRS BPO, L.L.C.
1930 OLNEY AVENUE
CHERRY HILL NJ 08003
833-924-1978

Office Hours:
Monday - Thursday  9am - 9pm ET
Friday                    9am - 5pm ET



July 21, 2020


MORGAN STILL
**REDACTED**
**REDACTED** REDACTED REDACTED

| CREDITOR: | JPMorgan Chase Bank N.A. |
|---|---|
| CREDITOR ACCT#: | xxxx3650 |
| MRS ACCT#: | LU4.5083767 |
| BALANCE DUE: | $1,407.83 |

Dear MORGAN STILL,

We would like to present you with the below offers to resolve your account. Should you need to speak with a representative, please call 833-924-1978. We look forward to the opportunity to assist you with resolving your account.

| SINGLE PAYMENT | NEED MORE TIME? | MONTHLY PAYMENTS |
|---|---|---|
| Make a **ONE-TIME** payment of $619.46 by 08/06/2020 to resolve your account | Make **TWO PAYMENTS** of $380.12 as follows:<br>Payment 1 by 08/06/2020<br>Payment 2 by 09/07/2020<br>to resolve your account | Can't make a settlement right now? We can work with you on a payment plan for the full balance of your account. |

If you need additional time to respond to these offers, please contact us.
We are not obligated to renew these offers.

Ready to make a payment, or have a question for us? Choose from any of our available payment or contact options.



**Pay via the Web**
https://portal.mrsbpo.com



**Pay by Phone**
833-924-1978



**Pay by Mail**
MRS BPO, LLC
1930 Olney Avenue,
Cherry Hill, NJ 08003

Sincerely,
MRS BPO, L.L.C.
833-924-1978
Letter ID: LU4.5083767.17312709

This is an attempt to collect a debt and any information obtained will be used for that purpose.
This communication is from a debt collector.

**MRS BPO, L.L.C. I 1930 OLNEY AVENUE, CHERRY HILL, NJ 08003 I 833-924-1978**
**OFFICE HOURS: MONDAY - THURSDAY 9AM - 9PM ET I FRIDAY 9AM - 5PM ET**